OA 91 Criminal Complaint

# United States District Court

NORTHERN DISTRICT OF CALIFORNIA

FILED
JUN - 6 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES OF AMERICA
V.
RAHSAAN ROLAND ROBINSON,

CRIMINAL COMPLAINT

Case Number: 07-70330 WDB

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about June 5, 2007 in Alameda County, in the NORTHERN District of CALIFORNIA defendant(s) did,

(Track Statutory Language of Offense)

Knowingly and intentionally posess with intent to distribute a controlled substance, namely: Approximately 4.5 kilograms of 3,4 methylkenedioxy methamphetamine (MDMA), also known as "ecstacy."

in violation of Title 21 United States Code, Section(s) 841(a)

I further state that I am a(n) Special Agent DHS-ICE and that this complaint is based on the following facts:

See Affidavit of Timothy G. Freed attached hereto and incorporated by reference.

MAXIMUM PENALTIES: 20 years imprisonment; $1,000,000 fine; restitution; $100 special assessment.

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

Approved As To Form: KESLIE STEWART, AUSA

TIMOTHY G. FREED
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

June 6, 2007    at    Oakland, California
Date                     City and State

Hon. WAYNE D. BRAZIL    MAGISTRATE JUDGE
Name & Title of Judicial Officer    Signature of Judicial Officer

Document No.
District Court
Criminal Case Processing

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Timothy G. Freed, declare and state the following:

1. I am employed as a Special Agent with the Department of Homeland Security, United States Immigration and Customs Enforcement (ICE). I am currently assigned to the Contraband Smuggling Group in San Francisco. I have been employed with Immigration and Customs Enforcement since June 2002. Prior to my appointment as a Special Agent with ICE, I was employed by the Department of Justice, Immigration and Naturalization Service (INS), as an Immigration Inspector since March 1999. I have received training and graduated from the Immigration Basic Officer Training Course. I have received in-service training in drug smuggling, drug trafficking organizations, money laundering, and financial crime networks. My experience as a criminal investigator includes participating in numerous investigations and undercover operations. I have debriefed numerous informants and law violators about their own participation in illegal activities related to narcotics sales, trafficking, smuggling, and distribution. In these interviews, they have discussed the techniques and methods of various illegal activities related to narcotics use and trafficking. I have worked jointly with numerous federal, state and local agencies investigating narcotics use, trafficking, sales, distribution and smuggling. I have participated in the execution of search warrants and consensual searches for residences, businesses, persons, and vehicles where evidence relating to narcotics and dangerous drugs were recovered. As a result of my experience and training as an ICE and INS agent, I am familiar with the methods and behavior of individuals involved in contraband smuggling, including narcotics.

2. This affidavit is submitted in support of an application for: a criminal complaint against RAHSAAN ROLAND ROBINSON for violation of 21 U.S.C. § 841(a), in that he knowingly and intentionally possessed with intent to distribute a controlled substance, namely: approximately 4.5 kilograms of 3,4 methylkenedioxy methamphetamine (MDMA), also known as "Ecstasy." The information contained in this affidavit is based on my personal observations and training and information provided by other law enforcement.

3. On May 31, 2007, the Honorable Elizabeth D. Laporte, United States Magistrate Judge for the Northern District California, issued an anticipatory search warrant for ███████, Oakland, California 94621 authorizing a search for evidence, fruits, and instrumentalities of violations of 21 U.S.C. § 841(a), 21 U.S.C. § 952, and 21 U.S.C. § 963 conditional upon acceptance of the package by an occupant of the house. Judge Laporte also authorized the installation of tracking devices in the Subject Parcel, described in more detail below at paragraphs 5-6. Pursuant to the warrant, agents placed Flourpon powder on the containers of ecstasy inside the Subject Parcel. Flourpon powder is a non-toxic aerosol spray that is normally invisible to the naked eye. It becomes visible

1

upon placement under a black-colored fluorescent light and is used as an investigative tool to establish who may have handled the contents of the parcel after it is opened.

4. The Search Warrant was based primarily on the information described below in paragraphs 5-9.

5. On May 29, 2007, United States Customs and Border Protection (CBP) Officer Flynn, was conducting a routine extended border search at the Seattle International Mail Facility in Seattle, Washington. Officer Flynn targeted a mail parcel for agriculture inspection (the "Subject Parcel"). The package postmarked May 23, 2007, from Vancouver, British Columbia. The recipient was listed as: "HE UI at ███████████ OAKLAND, CALIFORNIA 94621, U.S.A". Because the package entered the United States by aircraft, the international mail facility at Seattle was the CBP's first opportunity to inspect it. This is what CBP and ICE refer to as an extended border search, because it is the functional equivalent of the border and the first practical detention point after a border crossing.

6. The Customs declaration attached to the Subject Parcel describes the contents as "health food" with a declared value of $100.00 (USD). The return addressee is Chan Wai, 201-2588, East Broadway, V5M 4T9, Canada. The signature on the Customs declaration is illegible. The parcel packaging is made of white cardboard and is 9 inches by 12 inches in size. Officer Flynn requested the assistance of a Canine Officer. The Canine Officer's dog smelled the Subject Parcel and indicated that narcotics were present in the package. Officers opened the Subject Parcel and discovered three sealed plastic containers of Prolab N-Large2, a brand of protein powder. Inside each container of protein powder was secreted a plastic bag containing small round tablets. The three plastic bags together contained approximately 15,500 tablets. One of the tablets was randomly selected and field-tested positive for MDMA (Ecstasy). Each ecstasy pill was green in color and stamped with the "H" logo used by Honda automobiles.

7. On May 30, 2007, I received the seized Subject Parcel and its contents, accompanied by a chain of custody form from the U.S. Customs and Border Protection Seattle Mail Facility for the purpose of attempting to make a controlled delivery to the ███████████ in Oakland.

8. A query of ICE indices identified ███████████████████ and ███████████████████████████ residing at that address.

9. A query of California DMV identified a residence address of ███████████ Oakland, California, 94621 (the Subject Premises) for ███████████ and a residence address of ███████████, Oakland, California 94621 for Hieu Trung THAI.

10. Following the issuance of an anticipatory search warrant, on June 5, 2007 a postal inspector delivered the package to ███████████ in Oakland shortly before 11 a.m.,

while DEA Agents were surveilling the house. Hieu THAI (hereinafter referred to as THAI) signed for the package and took it into the house. The postal inspector identified him as THAI by a DMV photograph the inspector had reviewed previously. THAI signed his own name for the package. DEA Agents saw him take it into the house, as did the Postal Inspector who delivered the package.

11. About five to ten minutes later, federal agents executed the search warrant. The door to the house was open but a security gate was closed. THAI opened the security gate after agents identified themselves as police with a search warrant. Four people were present in the house: THAI, his mother, his father, and his girlfriend. Agents located the package in a room that THAI later admitted was his room. THAI's girlfriend was in the bed in THAI's room. THAI's father denied knowing anything about the package. THAI's mother did not speak English

12. I observed that the Subject Parcel was open in THAI's room. I also observed and seized as evidence a computer printout dated May 30, 2007, from the Canadian Postal Service Website tracking the Subject Parcel. I, along with a U.S. Postal Inspector ran a black light over THAI's hands and over his girlfriend's hands. I observed that THAI's hands glowed a fluorescent green color underneath the black light. THAI's girlfriend's hands did not. THAI was placed under arrest and spontaneously stated that he had just received a package that had something in it that was bad.

13. THAI was Mirandaized, signed a waiver of rights, and provided the following statement:

   (a) He admitted that the Subject Parcel was addressed to him and that he knew it contained Ecstasy. He admitted that the room in which the Subject Parcel was found was his room.

   (b) He stated that someone named, ROD, whom he had known for about a year, had approached him and offered to pay him $2000 (USD) in return for receiving a mail parcel containing ecstasy. Upon receipt of the package, he was supposed to call ROD and arrange for delivery.

   (c) He admitted that prior to the agents executing the search warrant he received several phone calls from ROD at cell phone number (510) 772-8377 asking about the package. THAI stated that after accepting receipt of the Subject Parcel he opened it to check the contents for Ecstasy. ROD called shortly thereafter and THAI advised ROD that the package had arrived and that the Ecstasy was inside.

14. THAI consented to agents searching his cell phone. I then queried his cell phone for the most recent calls made/received. I found that the last four calls made/received were from/to (510) 772-8377.

3

15. THAI agreed to place a consensually recorded call to "ROD" at (510) 772-8377 under my supervision. At approximately 12:01pm THAI placed a call to "ROD" and informed him, "I got your package, the green Honda, your package." [N.B.: SEE PARAGRAPH 6, FOR DESCRIPTION OF GREEN ECSTASY PILLS WITH THE HONDA LOGO]. ROD replied, "let me call you when I get the money". Shortly thereafter THAI placed a second recorded monitored call to ROD and asked him to hurry up. ROD stated, "You can't rush this thing." At approximately 2:00pm ROD called THAI's cell phone and this call was recorded and monitored. THAI told ROD, "Lets meet at KFC around the corner on International and get this out of the way." THAI also asked ROD, "You got my $2000?" ROD's reply was inaudible. At approximately 2:25pm THAI placed a final recorded call to ROD and told him, "I'm walking over there right now." ROD replied, "I'll be there in 30 seconds."

16. Under the supervision and surveillance of myself and other agents, THAI left his house with the Subject Parcel and walked ▓▓▓▓▓▓▓ to KFC at the corner of International and Hegenberger. In the parking lot of KFC, THAI got into a white Lexus that was parked in the handicapped parking space of the KFC parking lot. Agents inside of the KFC observed THAI get into the passenger side of the Lexus, close the door, and show the Subject Parcel to an African-American male later identified as RAHSAAN ROLAND ROBINSON(hereinafter referred to as Robinson). Seated in the back seat of the Lexus was a two-year-old child later identified as ROBINSON's daughter. Agents observed THAI open the Subject Parcel, remove some of the contents and show them to ROBINSON. Agents then approached the Lexus and arrested ROBINSON. At the time of the arrest, ROBINSON was carrying a California Drivers License in the name of RAHSAAN ROLAND ROBINSON.

17. Inside the Lexus between the passenger and driver seat, agents found $2500 in cash, in two bindles of $1000 each together, with a third bindle of $500 a short distance away.

18. In the trunk of the Lexus agents found the following:

    (a) A loaded .40 caliber Glock handgun; a check of the serial number revealed that the gun had been stolen in Hamilton County Indiana in 2006;

    (b) Unassembled Federal Express boxes;

    (c) A vacuum packaging machine that is used for vacuum packing/heat sealing plastic packages.

19. At the time of discovery of the vacuum packing machine, DEA Special Agent Brian Keenan examined the device and concluded from his expertise in the area of drug trafficking, packaging, and paraphernalia that this kind of machine is frequently used by ecstasy traffickers to package ecstasy into one thousand pill lots for wholesale

4

distribution.

20. At approximately 3:00pm Special Agent Aleo Brugnara read ROBINSON his Miranda rights, and ROBINSON signed a waiver and agreed to answer questions. At the time ROBINSON denied all knowledge of the Subject Parcel, of the ecstasy inside the Subject Parcel, and of the stolen handgun in the trunk. ROBINSON stated that the vacuum packaging device was actually a "dick pump." Agent Brugnara showed ROBINSON his (ROBINSON'S) drivers license and asked him if the address on it, "3726 Maybelle Avenue, Apt 7, Oakland CA," was his current address. ROBINSON stated that it was. Agent Brugnara asked him if he was the only person who had access to the Maybelle apartment and ROBINSON said yes. ROBINSON stated that he came to meet THAI at KFC to purchase a Honda from him. He claimed to have purchased cars from THAI in the past.

21. At approximately 6:00pm, Special Agent Jeffery Snowden knocked on the door of apartment 7 at 3726 Maybelle Avenue, Oakland, CA. and spoke with Alvin Millon who stated he had resided at that apartment since April 2006, and had never heard of ROBINSON. When confronted with the fact that no one currently residing at 3726 Maybelle Avenue knew of ROBINSON, ROBINSON denied ever stating that that was still his current address. Agents later spoke with THAI and he stated that he never sold any cars to ROBINSON.

22. I believe the forgoing information establishes probable cause that RAHSAAN ROLAND ROBINSON did knowing possess with intent to distribute MDMA (Ecstasy) in violation of 21 USC §841(a). I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

TIMOTHY G. FREED
Special Agent DHS-ICE

Subscribed and sworn to before me
this 6 day of June, 2007,
at Oakland, California.

WAYNE D. BRAZIL
United States Magistrate Judge