UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> v. <br> **RAHSAAN ROLAND ROBINSON**, <br> Defendant. | Case No. 07-cr-00463-MJJ-1 <br><br> **ORDER DENYING MOTION TO REDUCE SENTENCE** <br> Re: Dkt. No. 42 |

On October 21, 2015, defendant Rahsaan Roland Robinson filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 42.) On February 4, 2016, the Federal Public Defender filed a Notice of Non-Intervention. (Dkt. No. 44.) On February 9, 2016, the probation office prepared a sentence reduction investigation report concluding the defendant is not entitled to a reduction. (Dkt. No. 45.)

Having read and carefully considered the papers submitted, and for the reasons explained below, the Court **DENIES** defendant's motion.

"Under § 3582(c)(2), a defendant is eligible for a sentence reduction if two prongs are satisfied: (1) the sentence is *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Pleasant*, 704 F.3d 808, 810-11 (9th Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)) (internal quotations and citation omitted) (emphasis in original).

Defendant's motion for a reduction in sentence is premised upon Amendment 782 (which reduced by two the offense level for many drug trafficking offenses). The U.S. Sentencing Commission provided a November 1, 2014 effective date for the amendment, which was issued on July 18, 2014. U.S. Sentencing Commission Guidelines ("USSG") § 1B1.10(a)(1) provides that a

1  defendant's sentence may be reduced where the applicable guideline range has been lowered as a
2  result of an amendment.
3        The Court has reviewed the defendant's motion, the sentence reduction investigation
4  report, and the underlying case file.  Here, the defendant was sentenced on February 1, 2008 to 30
5  months in Bureau of Prisons custody, followed by a three-year term of supervised release.  (Dkt.
6  No. 33.)  The Court is advised that defendant was released from custody on July 2, 2010 and
7  placed under supervised release by the U.S. Probation Office in the Northern District of Texas.
8  (Dkt. No. 45. at 2.)  On September 2, 2013, having been found in violation of the terms of release,
9  the defendant was sentenced to 12 months and one day in Bureau of Prisons custody, to run
10 consecutively with various state sentences.  (*Id.*)  His current release date is apparently July 16,
11 2016 for those violations, not for his underlying sentence in the above-captioned case.  (*Id.*)
12       The applicable Sentencing Commission Guidelines provide that "[i]n no event may the
13 reduced term of imprisonment be less than the term of imprisonment the defendant has already
14 served."  USSG § 1B1.10(b)(2)(C); *see also id*. § 1B1.10 cmt. 7(a) ("This section does not
15 authorize a reduction in the term of imprisonment imposed upon revocation of supervised
16 release.").  Moreover, "the fact that a defendant may have served a longer term of imprisonment
17 than the court determines would have been appropriate in view of the amended guideline range . . .
18 shall not, without more, provide a basis for early termination of supervised release."  *Id*. § 1B1.10
19 cmt. 7(b).  Thus, the Court lacks authority to reduce the defendant's sentence as he is serving a
20 term on different grounds.  *See United States v. Bravo*, 362 F. App'x 456, 459 (6th Cir. 2010); *see*
21 *also United States v. Germany*, 529 F. App'x 853, 854 (9th Cir. 2013).  Accordingly, the
22 defendant's motion for a sentencing reduction is **DENIED**.
23 This Order terminates Docket Number 42.
24 **IT IS SO ORDERED.**
25 Dated: March 22, 2016

                                                     **YVONNE GONZALEZ ROGERS**
                                       **UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California